UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JASON CHAE MUN,

                Plaintiff,

    v.

JULIE SPECTOR, *et al.*,

                Defendants.
_____

Case No. C13-0486RSL

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on plaintiff's "Notice and Motion for Ex-Parte Temporary Restraining Order." Dkt. # 9. Plaintiff asserts that an on-going criminal prosecution in state court violates his First, Fourth, Sixth, Eight, and Fourteenth Amendment rights and the Civil Rights Acts, 42 U.S.C. § 1983. Plaintiff seeks general and punitive damages, as well as preliminary and permanent injunctive relief against further prosecution. The first amended complaint in the above-captioned matter (Dkt. # 8) identifies two state court judges and a King County deputy prosecuting attorney as defendants.

Although the procedure for obtaining a temporary restraining order differs from that which is applicable in the preliminary injunction context, the factors considered by the Court are the same. In order to obtain preliminary injunctive relief, plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).

Having reviewed the first amended complaint and plaintiff's motion, the Court finds that he has not shown a likelihood of success on the merits because the requested injunction, whether preliminary or permanent, falls squarely within the <u>Younger</u> abstention doctrine. Federal courts generally will not intervene in a pending state criminal proceeding absent extraordinary circumstances. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 45- 46 (1971). As discussed by the Supreme Court in <u>Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975):

> The policy of equitable restraint expressed in <u>Younger v. Harris</u>, in short, is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights. <u>See</u> <u>Steffel v. Thompson</u>, 415 U.S. 452, 460 (1974). Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process.

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir.1972). <u>See</u> <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 (9th Cir. 1980). Federal courts will abstain from hearing a case if (1) the state proceeding is on-going, (2) the state proceeding implicates important state interests, (3) the federal constitutional issues may be litigated in the state proceeding, and (4) allowing the federal action to proceed would effectively enjoin or interfere with the on-going state proceeding. <u>San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008).

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER        -2-

1    Plaintiff alleges that the charges brought against him were the result of improper
2 investigation and have been prosecuted maliciously and in bad faith, that bail was set
3 unreasonably high, that he was denied a brief recess to consult with counsel of his choice, that
4 public defenders have been permitted to insinuate themselves into the criminal prosecution on
5 his behalf, and that there have been a number of procedural and substantive errors that violate
6 due process and suggest that the presiding judicial officers are biased against him.  Plaintiff has
7 not, however, provided any basis from which this Court could conclude that the state trial and
8 appellate courts are incapable of arriving at a correct disposition of the criminal matter and/or
9 that he is unable to litigate his various constitutional claims in that venue.  The injunction
10 plaintiff seeks would clearly interfere with an on-going proceeding that involves critical state
11 interests, namely the enforcement of the state's criminal laws.  The four requirements for
12 <u>Younger</u> abstention exist, and plaintiff has failed to show extraordinary circumstances that
13 render the state court incapable of fairly and fully adjudicating the federal issues raised in this
14 litigation.  Given the likelihood that abstention is appropriate, plaintiff is unable to show the
15 required likelihood of success on the merits of his claims.

17    For all of the foregoing reasons, plaintiff's motion for a temporary restraining
18 order (Dkt. # 9) is DENIED.

20    DATED this 23rd day of April, 2013.

                                   *Robert S. Lasnik*
                                   Robert S. Lasnik
                                   United States District Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER          -3-